# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY Case No.: 22-41873 |
| | Chapter 7 |
| Susan Lynne Solarz, | |
| Debtor. | |

| | |
|---|---|
| Randall L. Seaver, Trustee, | ADV Case No.: 23-_____ |
| Plaintiff, | |
| v. | |
| Menard, Inc. d/b/a Menards, | |
| Defendant. | |

## ADVERSARY COMPLAINT

Plaintiff Randall L. Seaver, Trustee ("**Plaintiff**" or "**Trustee**") of the bankruptcy estate of Susan Lynne Solarz ("**Debtor**"), as and for his Adversary Complaint against Menard, Inc. d/b/a Menards ("**Defendant**"), states and alleges as follows:

1. Trustee is the duly-appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

2. Defendant is the operator of a chain of home improvement stores with its office located at 5101 Menard Drive, Eau Claire, WI 54703.

3. This bankruptcy case was commenced on November 4, 2022 by the filing of a Chapter 7 petition.

4. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) (A), (H) and (O).

5. The Trustee consents to final judgments or orders of this Court.

8717198v1

6.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This case arises under 11 U.S.C. §§ 548 and 550.

7.      Debtor is a resident of Minneapolis, MN, and was at all times material hereto a real estate salesperson.   Earl C. Rode IV ("**Rode**") is a contractor who provided services to the Debtor. During the time that he provided services, he is believed to have stolen Debtor's American Express card and other personal financial information.  He then utilized the Debtor's American Express account, without the Debtor's authorization or knowledge, to pay his own debts.  See, Debtor's Answer and Counterclaim in matter of *Rode, et al. v. Solarz*, et al., Ramsey County Court File 62-CV-22-5631 attached hereto as **Exhibit A**.

8.      Rode incurred his own personal charges with Defendant, which were unrelated to the Debtor or her interests.  However, Rode wrongfully accessed the Debtor's American Express account and used that account to satisfy Rode's account owed to Defendant.  It appears to the Trustee that the total of these wrongful charges was $41,085.73 for the period of November 1, 2021 to December 2, 2021 (the "**Transfers**").  The Transfers are more particularly described in **Exhibit B** hereto.

## COUNT I
### CONSTRUCTIVE FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548

9.      The Trustee restates and realleges the foregoing paragraphs of this Complaint.

10.     The Transfers were transfers for the benefit of Defendant for which the Debtor did not receive reasonably equivalent value.

11.     The Transfers were made when the Debtor was insolvent, or the Transfers made her insolvent.  The Debtor's insolvency is evidenced by her bankruptcy schedules (excluding exempt items per 11 U.S.C. § 101(32)).

2

12.     The Transfers were made from Debtor's American Express account within two years of the petition date.

13.     Creditors existed at the time of the Transfers including, but not limited to, Goodleap, LLC [Docket item 1 at p. 21].

14.     At the time of the Transfers, Debtor intended to incur, or believed that she would incur, debts beyond her ability to repay her debts as they matured.

15.     Pursuant to 11 U.S.C. § 548(a)(1)(B), the Trustee is entitled to avoid the Transfers and to recover the value of the Transfers, together with prejudgment interest per 11 U.S.C. § 550.

### COUNT II
### ACTUAL FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548

16.     The Trustee restates and realleges the foregoing paragraphs of this Complaint.

17.     The Transfers were made with the actual intent to hinder, delay or defraud creditors. Among the creditors defrauded was Goodleap, LLC.

18.     Actual fraud is evidenced by Rode wrongfully accessing Debtor's American Express account and directing the Transfers to Defendant.

19.     Under 11 U.S.C. § 548(a)(1)(A), the Trustee is entitled to avoid the Transfers and to recover from Defendant the value of the Transfers, together with prejudgment interest under 11 U.S.C. § 550.

**WHEREFORE**, Plaintiff requests a judgment of this Court as follows:

1.     Plaintiff is entitled to recover the Transfers for the benefit of creditors from Defendant pursuant to 11 U.S.C. §§ 548 and 550 and to obtain a judgment against Defendant in the amount of $41,085.73.

2.     Awarding Plaintiff his costs and disbursements incurred in this action.

3.     For such other relief as the Court deems just and equitable.

8717198v1

**MOSS & BARNETT**

Date: October 18, 2023

*s/ Matthew R. Burton*

Matthew R. Burton (#210018)
150 South Fifth Street, Suite 1200
Minneapolis, MN 55402
P: (612) 877-5399; F: (612) 877-5066
E: Matthew.Burton@lawmoss.com

*ATTORNEYS FOR RANDALL L. SEAVER,
TRUSTEE*

4

8717198v1